## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JEFFERY ENRIQUEZ,**

    **Plaintiff,**

v.                                                  **No. CIV-01-0026 BB/LCS**

**NEW MEXICO DEPARTMENT**
**OF CORRECTIONS, et al.,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiff's Motion for Entry of Default Judgment filed July 17, 2001 (*Doc. 31*). The Court having considered the pleadings, relevant law, and otherwise being fully informed, I recommend finding that Plaintiff's Motion should be denied.

    1.    On May 15, 2001, this Court filed an Order setting forth the briefing schedule for the Martinez Report and for the Defendants' Motion to Dismiss. (*Doc. 22*). The Order set forth the following dates:

> Defendants shall submit the *Martinez* report **NO LATER THAN JULY 15, 2001**. Defendants shall serve a copy of the report on Plaintiff, who shall then have until **AUGUST 15, 2001** to respond and or object. . . . **IT IS FURTHER ORDERED** that all dispositive motions be filed by **SEPTEMBER 15**, **2001**. Plaintiff shall respond to any dispositive motions by **OCTOBER 15, 2001**, and Defendants shall reply, if they so choose, by **NOVEMBER 1, 2001**. (*Doc. 22*).

    2.    FED. R. CIV. PRO 6(e) provides "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period." In this case, the Martinez report was

ordered to be filed on Sunday, July 15, 2001.[1] The Plaintiff filed an Affidavit for Entry of Default on Tuesday, July 17, 2001 asserting that the Defendants did not respond to the Court's Order. The next day, July 18, 2001, the Defendants filed the Martinez Report.

3.   Since the Defendants were given to the end of the work day on Thursday, July 19, 2001 in order to file the Martinez Report, I find they were not in violation of Rule 6(e) and that the Martinez Report was timely filed. Therefore, I recommend find that the Plaintiff's Motion for Entry of Default Judgment filed July 17, 2001 (*Doc. 31*) should be DENIED.

### Recommended Disposition

I recommend DENYING the Plaintiff's Motion for Entry of Default Judgment filed July 17, 2001 (*Doc. 31*).  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This date was not entered intentionally by the Court. The Federal Rules of Civil Procedure provides that when a day of an act is set for a Sunday, the party shall be given to the end of the next day to perform that act. FED. R. CIV. PRO 6(a).